Name: Mark Brenner
Address: 2625 Townsgate Rd., Suite 330
City, State, Zip: Westlake Village, CA 91361
Phone: (747) 222-7000
Fax: ___
E-Mail: mebrenner@gmail.com

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☒ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ridgely Conlan <br><br> PLAINTIFF(S), <br> v. <br> Richard Reilly, Trent Thurber, and County of Los Angeles <br><br> DEFENDANT(S). | CASE NUMBER: <br><br> 2:24-cv-3002-GW-JPRx <br><br> **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____Ridgely Conlan_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):
   Dismissing Action

☒ Judgment (specify):
   as to Thurber and County of Los Angeles

☒ Other (specify):
   ONLY as to Defendant Trent Thurber and
   Defendant County of Los Angeles

Imposed or Filed on ___11/24/2025___. Entered on the docket in this action on 11/25/2025___.

A copy of said judgment or order is attached hereto.

12/23/2025
Date

Signature
☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-3002-GW-JPRx | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Ridgely Conlan v. Richard Reilly, et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None Present   None Present

**PROCEEDINGS:**   **IN CHAMBERS - ORDER DISMISSING FIRST CAUSE OF ACTION AND ALLAN DAVIS WITH PREJUDICE; DECLINING SUPPLEMENTAL JURISDICTION OVER SECOND CAUSE OF ACTION; DISMISSING ACTION**

      After issuing a tentative ruling, *see* Docket No. 136, the Court held oral argument on three motions to dismiss the Third Amended Complaint ("TAC") in this matter on October 16, 2015, *see* Docket No. 138. As part of that hearing and earlier Rule 12(b)(6)-based dismissals in this action, the Court has explained its view as to what it believes have been fundamental inconsistencies in the allegations (and extra-pleading representations) of plaintiff Ridgely Conlan ("Plaintiff") in this matter with respect to the question of whether what the parties have referred to as the Missing Equipment List, the Clark Media Inventory, the Ferguson Appraisal, and the Bexel Auction documents unquestionably revealed to defendant Trent Thurber ("Thurber") that all of the allegedly-stolen materials/objects were actually reflected and accounted for in those four documents such that Thurber had to have known that there was no probable cause to charge Plaintiff with grand theft in the underlying criminal action. Because those inconsistencies and confusion on that point persisted into the TAC (and Plaintiff's arguments respecting whether the TAC should be dismissed), the Court allowed Plaintiff an opportunity to make an "offer of proof" demonstrating that, in fact, all allegedly-stolen materials *were* reflected in those four documents such that the TAC's first cause of action could be amended further, even if it were not considered presently-viable, to make that allegation clearly and unequivocally. Because all four documents, and their contents, were repeatedly referenced within the TAC and were central to the success of Plaintiff's claims, *see, e.g.*, TAC, Docket No. 113, ¶¶ 3, 6-7, 9, 14, 51, 54-56, 59, 61, 69-70, 77-78, 104, 111, 121, 133-134, 146-147, the Court determined that it would have been appropriate to consider their contents in the course of resolving Rule 12(b)(6) motions and that they were, thus, a permissible part of an offer by the Court for an opportunity for Plaintiff to make such an offer of proof.

      :

Initials of Preparer   JG

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-3002-GW-JPRx | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Ridgely Conlan v. Richard Reilly, et al.* | | |

The Court gave Plaintiff one week from the date of the October 16 hearing to decide whether or not he would accept the offer to make an offer of proof and, had he decided in the affirmative in that regard, an additional week to actually make that offer of proof. *See* Docket No. 138. Plaintiff did not respond at all.

As a result of Plaintiff's silence in response to the Court's offer of an opportunity to make an offer of proof, the Court is now convinced that Plaintiff has no prospect of amending the TAC to make the necessary allegation to make his sole federal-law cause of action potentially viable against Thurber[1] (for the reasons explained further in the Court's tentative ruling on the motion to dismiss, *see* Docket No. 136, and in its ruling on the previous motion to dismiss, *see* Docket No. 108). As such, the Court now dismisses the TAC's first cause of action (and any claim against defendant Allan Davis, *see* Footnote 1, *supra*), with prejudice, and declines supplemental jurisdiction over the TAC's second cause of action, thereby dismissing that claim without prejudice. The action as a whole is dismissed.

IT IS SO ORDERED.

---

[1] As the Court has explained, without a viable way of including Thurber within his conspiracy allegations, Plaintiff had no way of asserting claims against any defendant(s) under 42 U.S.C. § 1983. Independent of this problem, Plaintiff also confirmed at the close of oral argument on October 16, 2025, that he conceded dismissal of defendant Allan Davis was appropriate.

|  | : |
|---|---|
| Initials of Preparer | JG |